**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Natasha Atkinson, Shirley Baisey, Calvin Barton, Jorge Castellanos, Quashonda Chapman, Shamika Cureton, Anna Edens, Billy Harris, LaToya Jamison, Lisa Jamison, Stacey Johnson, Terrance Johnson, Antonio Miller, Constance Neal, Kelly Pardue, Sherry Peralta, Pamela Vaughn, Pauline Warren, ) ) ) ) ) ) ) ) | C.A. No. 6:09-cv-01901-JMC  **OPINION AND ORDER** |
| Plaintiffs, ) | |
| v. ) | |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, ) ) ) | |
| Defendant. ) | |

Plaintiffs brought a collective action against Defendant House of Raeford, Inc. d/b/a Columbia Farms ("Columbia Farms") alleging that Columbia Farms failed to compensate them as required by federal and state law. Certain individual Plaintiffs also alleged that Columbia Farms committed retaliatory acts against them in response to those Plaintiffs' assertion of workers' compensation claims. Additionally, one Plaintiff asserted a cause of action for invasion of privacy arising from the alleged disclosure of medical information. Columbia Farms filed a Motion for Summary Judgment [Doc. 55] as to each of the causes of action asserted in Plaintiffs' Amended Complaint. On March 31, 2011, the court issued a text order containing a preliminary ruling granting in part and denying in part Columbia Farms's motion and providing that the court would

1

issue a formal order on the motion at a later date. This is the court's formal order on Columbia Farms's motion. For the reasons stated below, the court grants in part and denies in part Columbia Farms's Motion for Summary Judgment [Doc. 55].

## FACTUAL AND PROCEDURAL BACKGROUND

Columbia Farms operates a chicken processing plant located in Greenville, South Carolina. Plaintiffs are a group of current and former employees of Columbia Farms's Greenville plant who worked on a production line, cutting and de-boning chickens. Each Plaintiff alleges that he or she was required to work more than nine (9) hours each work day, but was only paid for eight (8) hours because they were routinely not paid for lunch breaks that were only several minutes long and not paid while donning and doffing required protective gear. Specifically, Plaintiffs allege that (a) Columbia Farms's management failed to keep accurate records of Plaintiffs' work time, (b) required Plaintiffs to spend in excess of fifteen (15) minutes each day donning and doffing protective gear and preparing for work before clocking in, (c) deducted from Plaintiffs' wages thirty (30) minute meal breaks when such breaks were actually less than twenty (20) minutes, (d) regularly failed to pay Plaintiffs for non-meal breaks that were less than twenty (20) minutes in length, and (e) failed to pay Plaintiffs overtime when Plaintiffs worked more than forty (40) hours per week. Based on these allegations, Plaintiffs brought a collective claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, for Columbia Farms's failure to pay required compensation under the law. Plaintiffs also pursued a claim under the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-30 and 40, for Columbia Farms's alleged failure to properly notify Plaintiffs in writing of their hours of work, failure to provide them itemized payroll statements, and failure to pay them their wages on the day of their termination.

Additionally, multiple Plaintiffs allege that they were wrongfully discharged from employment with Columbia Farms in retaliation for instituting workers' compensation claims. While all Plaintiffs had not filed formal workers' compensation claims, each Plaintiff claims that he or she suffered a work related injury of which Columbia Farms had knowledge and that shortly after the occurrence of the work related injuries, each Plaintiff was subject to wrongful termination for a pretextual reason. Plaintiffs allege that Columbia Farms's discharge of Plaintiffs was in violation of S.C. Code Ann. § 41-1-80.

Finally, Plaintiff Lisa Jamison claims that Columbia Farms violated her right to privacy in disclosing her private health information. Particularly, she asserts that the plant nurse disclosed details regarding Plaintiff Jamison's medical information with her co-workers.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to

survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

### I.     Fair Labor Standards Act

Columbia Farms argues that it is entitled to summary judgment on Plaintiffs' claims under the FLSA seeking compensation for time spent donning and doffing required and optional protective clothing and equipment because the claims are barred by 29 U.S.C. § 203(o) and the Portal-to-Portal Act, 29 U.S.C. § 254(a).[1]

Under the FLSA, 29 U.S.C. § 201 *et seq.*, employers are required to pay minimum wages and overtime. Notwithstanding an employer's obligation to pay minimum and overtime wages, the FLSA allows employers to exclude an employee's "time spent in changing clothes or washing" from the compensable work time. Section 203( o) of the FLSA provides:

---

[1]Columbia Farms raises additional grounds for summary judgment in its favor on Plaintiffs' FLSA claims. However, the court need not address Columbia Farms's alternative arguments due to the court's disposition of the claims based on section 203(o).

4

> In determining for the purposes of [the minimum wage and overtime provisions] of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

29 U.S.C. § 203( o). Therefore, an employer may exclude from compensation time for the donning and doffing of protective gear at the beginning and end of each work shift under section 203(o) if two conditions are met: (1) the activities must constitute "changing clothes" within the meaning of the statute; and (2) the time spent on these activities must be excluded from the workday by the express terms of or the customs and practices under a bona fide collective bargaining agreement. *See Sepulveda, et al. v. Allen Family Foods, Inc.*, 591 F.3d 209, 214 (4th Cir. 2009).

Section 254 of the Portal-to-Portal Act amended the FLSA to provide, among other things, that employers are additionally exempted from paying their employees for "activities which are preliminary to or postliminary to" the principal activities for which they are employed, unless the employer agrees to do so. *See* 29 U.S.C. § 254(a)(2) and (b). Generally, activities like changing clothes and washing, which are performed before or after the regular work shift, are considered preliminary or postliminary activities and are therefore "excluded from compensable work time." *Steiner v. Mitchell*, 350 U.S. 247, 249 (1956). However, changing clothes and washing are not excluded from compensable work time if they are "an integral and indispensible part" of an employee's principal activities. *Id.* at 256.

Both section 203(o) of the FLSA and the Portal-to-Portal Act bear on whether changing clothes and washing may be considered part of the compensable workday. While the provisions are interrelated, each may operate exclusively of the other. Therefore, an employer need not demonstrate

5

compliance with both provisions to demonstrate that it has properly excluded compensation for activities which are categorized as changing clothes and washing.

In this case, Plaintiffs allege that Columbia Farms required Plaintiffs to purchase and wear items such as safety gloves, safety glasses, ear plugs, arm guards, steel toe boots, aprons, and latex gloves. According to Plaintiffs, they must walk to the break room, put their clothes in lockers, don cloth gloves, aprons, hair nets, rubber gloves and rubber sleeves, then walk upstairs to the production room before they can clock in at the beginning of each shift. After the bell rings to start each of the two unpaid thirty (30) minute breaks, Plaintiffs must remain at the conveyor belt until the last chicken passes them, perform "rework" (cutting pieces of chicken that they may have missed the first time the approximately ninety (90) birds per minute went by them on the conveyor belt), stand in line to wash their hands, wash their hands, remove their protective clothing and hang it up and then walk down the hall to be relieved of duty. Plaintiffs contend that they are then called by their supervisors before the alleged thirty (30) minute breaks end to don their protective clothing, and walk from the break room or outside to return to the production line.

Because of the donning and doffing routines performed by Plaintiffs prior to and after each shift, Plaintiffs allege that the actual time during each of their two breaks that Plaintiffs were relieved of their work duties amounts to much less than thirty (30) minutes. Plaintiffs contend that Columbia Farms routinely fails to record at least one hour and fifteen minutes each day of time that Plaintiffs work and, were this time recorded, Plaintiffs would work more than forty (40) hours per week and be entitled to overtime, which overtime pay they have not received.

Columbia Farms's Greenville facility, where all Plaintiffs were employed, is covered by a collective bargaining agreement (CBA). The CBA applies to all production and maintenance

employees at the Greenville plant, whether they are union members or not.  Pursuant to the CBA, employees are entitled to overtime if they work more than 9 hours in any single day or more than 40 hours in any work week.  Through collective bargaining, employees secured a 3.1% pay adjustment in exchange for the employees' two daily 30-minute meal breaks being unpaid.

At the plant, most production employees are paid "line time," or scheduled time, which is the actual running time of the line to which the employee is assigned.   Some employees, such as maintenance and sanitation employees, are not paid line time, but instead are paid for a scheduled shift.  The CBA does not address whether time spent donning and doffing protective gear is to be included or excluded in the compensable work time.  Although the matter was raised by union representatives in the negotiation of the CBA, the company declined to address it in the CBA.  Instead, the Greenville plant continued to operate in accordance with its practice of excluding the time employees spend donning and doffing protective gear from compensable time.

The United States Court of Appeals for the Fourth Circuit has recently addressed the issue of whether employees were entitled to compensation for time spent donning and doffing protective gear in circumstances substantially similar to the case at hand.  *See Sepulveda*, 591 F.3d 209 (4th Cir. 2009).  There, the Court of Appeals reviewed a district court's grant of summary judgment in favor of a defendant, an operator of a  poultry plant,  on claims of employees regarding the defendant's failure to pay the plaintiffs for time spent donning and doffing protective gear and walking to their work stations. The parties in *Sepulveda* operated under a collective bargaining agreement. Although the collective bargaining agreement between the parties did not address donning and doffing, the defendant company had an established practice of paying employees for "line-time" and excluding time spent donning and doffing protective wear.  The Court of Appeals affirmed the district court's

grant of summary judgment in the employer's favor and found that "the activity of donning and doffing protective gear constitute[d] 'changing clothes' within the meaning of Section 203(o) and [was] therefore not compensable under the prevailing customs or practices" of the plant. *Id.* at 218.[2]

This court follows the reasoning set forth in *Sepulveda* and finds that the donning and doffing of protective gear in this case also constitutes "changing clothes" as provided in Section 203(o). The court further determines that the record establishes that Columbia Farms's Greenville plant has paid its employees based on "line time" for many years, beginning before the negotiation of the parties' 2005 CBA. Therefore, Columbia Farms has a long-standing custom or practice of excluding such time from compensation. *See, e.g.*, *Allen v. McWane, Inc.*, 593 F.3d 449, 457 (5th Cir. 2010); *Turner v. City of Philadelphia*, 262 F.3d 222, 226 (3rd Cir. 2001) (finding that the practice of non-compensation exists under a bona fide collective bargaining agreement where the employer does not compensate employees for time spent donning and doffing protective gear and the employees have knowledge of the practice and acquiesce in the practice). Accordingly, Plaintiffs are not entitled to compensation for the time spent on such activities and Columbia Farms is entitled to summary judgment as to Plaintiffs' FLSA claims.[3]

---

[2]Shortly after the court's decision in *Sepulveda*, the United States Department of Labor, Wage and Hour Division ("WHD") issued Administrator Interpretation 2010-2, setting forth a change in the agency's interpretation of the term "clothes" to exclude certain items of protective wear. Plaintiffs note that the WHD interpretation appears to conflict with the court's analysis in *Sepulveda*. However, the court is not bound by an agency interpretation. Although the Court of Appeals for the Fourth Circuit has not revisited the matter since the change in the agency interpretation, other circuits have rejected the agency's interpretation. *See Franklin v. Kellogg Corp.*, 619 F.3d 604 (6th Cir. 2010) (noting that "[t]he DOL's position on this issue has changed repeatedly in the last 12 years, indicating that we should not defer to its interpretation. Additionally, we find its interpretation to be inconsistent with the language of the statute."); *Spoerle v. Kraft Foods Global, Inc*., 614 F.3d 427 (7th Cir. 2010).

[3]Columbia Farms filed a Motion for Leave to File Supplemental Authority [Doc. 83] in which it requests the court recognize the decision from the Magistrate Judge in the United States

**II.     South Carolina Payment of Wages Act**

Plaintiffs assert claims under the South Carolina Payment of Wages Act. To the extent that those claims arise from Columbia Farms's failure to pay Plaintiffs for their time spent donning and doffing sanitary and protective gear, summary judgment is also granted in favor of Columbia Farms. Otherwise, the court refers the parties to its prior ruling on Plaintiffs' Motion for Partial Summary Judgment wherein the court denied summary judgment as to Plaintiffs' Payment of Wages Act claim on the grounds that there appeared to be genuine issues of material fact regarding whether Columbia Farms complied with the Wages Act in providing required written notices, giving adequate breaks, providing accurate pay statements, and paying full wages due when employees were terminated.. [*See* C.A.No.:6:09-cv-01901-JMC, Doc. 82 and C.A. No.: 6:09-cv-03137-JMC, Doc. No. 46].

**III.    Workers Compensation Retaliation**

Several Plaintiffs also bring a claim against Columbia Farms alleging that Columbia Farms committed unlawful and retaliatory acts against them after these Plaintiffs experienced job-related injuries. Columbia Farms requests the court enter summary judgment in its favor on these claims because Plaintiffs either did not file workers' compensation claims prior to termination or were properly terminated for violating company policy.

South Carolina law provides that "[n]o employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law." S.C. Code Ann. § 41-1-80 (Supp. 2003). In order

---

District Court for the Western District of Louisiana in the case of *Isreal v. House of Raeford Farms*, No. 06-CV-1999 (W.D. La. March 28, 2011, Doc. 198). While the court acknowledges Columbia Farms's representation that certain of the plaintiffs' claims in the *Isreal* matter arose from incidents occurring at the Greenville plant, the court will not rely on *Isreal* in the resolution of the current motion.

to prove a claim under § 41-1-80, a plaintiff must establish three elements: (1) the institution of workers' compensation proceedings, (2) discharge or demotion, and (3) a causal connection between the first two elements. *See Hinton v. Designer Ensembles, Inc.*, 343 S.C. 236, 242, 540 S.E.2d 94, 97 (2000). To establish causation under § 41-1-80, the employee must show that he would not have been discharged "but for" the filing of the workers' compensation claim. *Id*.

It is not necessary for a plaintiff to have filed a formal workers' compensation claim to demonstrate that he or she has instituted sufficient workers' compensation proceedings to proceed on an action for retaliation. South Carolina courts have recognized other conduct as sufficient to have instituted a proceeding including the employer's agreement to pay or payment of medical care or the employer's receipt of written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee. *Johnson v. J.P. Stevens & Co.*, 308 S.C. 116, 119, 417 S.E.2d 527, 529 (1992)

The purpose of Section 41-1-80 cannot be avoided by firing an injured employee before he or she files a claim. *Id*. However, an employer may terminate an employee for inability to meet established employer work standards or may terminate an employee for the violation of specific written company policy. Such terminations may constitute an affirmative defense under section 41-1-80. *See Hinton*, 343 S.C. at 242, 540 S.E.2d at 97. While the employer has the burden of proving its affirmative defenses, the employer does not have the burden of establishing the affirmative defenses are causally related to the discharge. *Horn v. Davis Elec. Constructors, Inc.*, 307 S.C. 559, 416 S.E.2d 634 (1992). If the employer articulates a legitimate, non-retaliatory reason for the termination, the proximity in time between the work-related injury and the termination is not

sufficient evidence to carry the employee's burden of proving a causal connection. *See Hinton*, 343 S.C. at 243, 540 S.E.2d at 97.

Columbia Farms contends that the retaliation claims asserted by Plaintiffs Natasha Atkinson, Anna Edens, Shirley Baisey, Terrance Johnson, and Pamela Vaughn are due to be dismissed because none of these Plaintiffs instituted workers' compensation proceedings – either formally by filing a workers' compensation charge; or constructively, as by securing the employer's agreement to pay for medical care or the employer's receipt of written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee. Columbia Farms also argues that the evidence establishes that Plaintiffs Lisa Jamison, Stacey Johnson, Shari Peralta, and Billy Harris all were discharged for legitimate, non-pretextual, non-discriminatory reasons; chiefly violation of the company's written absentee policy, memorialized in the CBA, or misconduct. The parties provide competing explanations of the circumstances surrounding the alleged work-related injuries, the reporting of those injuries to Columbia Farms, and the termination of each of these Plaintiffs. Viewing the facts in the light most favorable to the Plaintiffs, the court finds that there are genuine disputes of fact which prevent a judgment as a matter of law. Therefore, the court denies Columbia Farms's request for summary judgment on Plaintiffs' retaliation claim.

## IV. Invasion of Privacy

Plaintiff Lisa Jamison brought a cause of action against Columbia Farms for invasion of privacy and has specifically limited the claim to Columbia Farms's alleged wrongful intrusion into Plaintiff Jamison's private affairs. Columbia Farms asserts that it is entitled to summary judgment because Plaintiff Jamison cannot demonstrate the elements of this cause of action.

To prevail on an action for the wrongful intrusion into private affairs, a plaintiff must demonstrate: (1) an intrusion; (2) into that which is private; (3) which is substantial and unreasonable; (3) and intentional. *See Snakenberg v. Hartford Casualty Ins. Co.*, 299 S.C. 164, 171, 383 S.E.2d 2, 6 (Ct. App. 1989). "An intrusion may consist of watching, spying, prying, besetting, overhearing, or other similar conduct." *Id*. The intrusion must relate to those aspects of the plaintiff's life such as the plaintiff's home, family, personal relationships, and communications which one normally expects will be free from exposure to the defendant. *Id*. "Whether there is an intrusion is to be decided on the facts of each case." *Id.*

An invasion of privacy is actionable only where the defendant's conduct is such that it would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances. *Id.* "When a plaintiff bases an action for invasion of privacy on "intrusion" alone, bringing forth no evidence of public disclosure, it is incumbent upon him to show a blatant and shocking disregard of his rights, and serious mental or physical injury or humiliation to himself resulting therefrom." *Rycroft v. Gaddy*, 281 S.C. 119, 124-25, 314 S.E.2d 39, 43 (Ct. App. 1984). Whether the conduct in question is sufficiently substantial and unreasonable to be legally cognizable is, in the first instance, a question of law for the court. *Snakenberg*, 299 S.C. at 171, 383 S.E.2d at 6.

An action for invasion of privacy for the wrongful intrusion into private affairs also requires a showing that the defendant's act or course of conduct was intentional. "For purposes of civil liability, an act is intentional if (1) it is done willingly; and either (2) the actor desires the result of his conduct, whatever the likelihood of that result happening; or (3) the actor knows or ought to know the result will follow from his conduct, whatever his desire may be as to that result." *Id.*

Plaintiff Jamison, who is the only Plaintiff alleging this cause of action, testified that Columbia Farms's onsite nurse, Teresa Taylor ("Taylor"), divulged Plaintiff Jamison's medical information to multiple employees at Columbia Farms. Specifically, Plaintiff Jamison alleges that Taylor discussed the particulars of Plaintiff Jamison's medical condition with certain supervisors and that a co-worker overheard Taylor's conversation with the supervisors. In support of her claim, Plaintiff Jamison submitted an affidavit of the co-worker which indicates that the co-worker only overheard Taylor's comments to supervisors. Plaintiff has provided no evidence showing that Taylor intentionally disclosed Plaintiff Jamison's information directly to the co-worker or that Taylor provided Plaintiff Jamison's information to anyone other than supervisors. Based on the evidence provided by Plaintiff Jamison, the court finds that Taylor's disclosure was not sufficiently substantial or unreasonable to support a claim for invasion of privacy. Therefore, the court grants summary judgment in favor of Columbia Farms on this claim.

## CONCLUSION

For the foregoing reasons, Defendant House of Raeford, Inc. d/b/a Columbia Farms's Motion for Summary Judgment [Doc. 55] is **GRANTED IN PART AND DENIED IN PART.** Plaintiffs' FLSA wage and overtime claims related to time spent donning and doffing sanitary and protective gear are dismissed. Plaintiffs' South Carolina Payment of Wages claims are also dismissed only to the extent that they are based on Defendant's alleged failure to pay overtime for Plaintiffs' time donning and doffing sanitary and protective gear. Otherwise, the court refers the parties to its prior ruling on Plaintiffs' Motion for Partial Summary Judgment wherein the court denied summary judgment as to Plaintiffs' Payment of Wages Act claim on the grounds that there appeared to be genuine issues of material fact. The court further dismisses Plaintiff Lisa Jamison's invasion of privacy claim.

Plaintiffs' claims for retaliation in violation of S.C. Code § 41-1-80 shall continue as there are genuine issues of material fact.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

April 20, 2011
Greenville, South Carolina

14