# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Natasha Atkinson, Shirley Baisey, Calvin Barton, Jorge Catellanos, Quashonda Chapman, Shamika Cureton, Anna Edens, Billy Harris, LaToya Jamison, Lisa Jamison, Stacey Johnson, Terrance Johnson, Antonio Miller, Constance Neal, Kelly Pardue, Sherry Peralta, Pamela Vaughn and Pauline Warren, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 6:09-cv-01901-JMC |
| v. | ) ) ) | **ORDER AND OPINION** |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, Defendant. | ) ) ) ) | |
| Samantha Earle and Shiren Johnson, | ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 6:09-cv-03137-JMC |
| v. | ) ) | |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, Defendant. | ) ) ) ) | |

1

This matter[1] is before the court upon Defendant House of Raeford Farms, Inc. d/b/a Columbia Farms' ("Columbia Farms") Motion for Judgment Notwithstanding the Verdict, or For New Trial [Doc. 164].

## FACTUAL AND PROCEDURAL BACKGROUND

Columbia Farms operates a chicken processing plant located in Greenville, South Carolina. Plaintiffs are a group of current and former employees of Columbia Farms' Greenville plant who worked on a production line, cutting and de-boning chickens. At the time of Plaintiffs' employment with Columbia Farms, the Columbia Farms' Greenville plant was covered by a collective bargaining agreement ("CBA"). The CBA applied to all production and maintenance employees at the Greenville plant, whether they were union members or not.

Plaintiffs brought a collective action against Columbia Farms under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et. seq.*, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-30 and 40, for Columbia Farms' failure to pay compensation to which Plaintiffs alleged they were due.[2] Each Plaintiff alleged that he or she was required to work more than nine hours each work day, but was only paid for eight hours because employees were routinely not paid for lunch breaks that were only several minutes long and were not paid while donning and doffing required protective gear.     Specifically, Plaintiffs alleged that Columbia Farms'

---

[1] Civil Action No.: 6:09-cv-01901-JMC and 6:09-cv-03137-JMC were consolidated by order of the court.

[2] Certain individual Plaintiffs also alleged that Columbia Farms committed retaliatory acts against them in response to those Plaintiffs' assertions of workers' compensation claims. Plaintiffs' workers' compensation retaliation claims were tried before the court during a bench trial held in November 2011. Additionally, one Plaintiff asserted a cause of action for invasion of privacy. The court granted summary judgment in favor of Columbia Farms on the invasion of privacy claim. [Doc. 88].

management: (a) failed to keep accurate records of Plaintiffs' work time; (b) failed to properly notify Plaintiffs in writing of their hours worked; (c) failed to provide Plaintiffs with itemized payroll statements; (d) required Plaintiffs to spend in excess of fifteen minutes each day donning and doffing protective gear and preparing for work before clocking in; (e) deducted from Plaintiffs' wages thirty minute meal breaks when such breaks were actually less than twenty minutes in length; (f) regularly failed to pay Plaintiffs for non-meal breaks that were less than twenty minutes in length; (g) failed to pay Plaintiffs overtime when Plaintiffs worked more than forty hours per week; (h) and failed to pay Plaintiffs their wages due on the day of their termination.

Columbia Farms filed a Motion for Summary Judgment [Doc. 55] as to each of the causes of action asserted in Plaintiffs' Amended Complaint [Doc. 27]. The court granted summary judgment in favor of Columbia Farms as to Plaintiffs' FLSA wage and overtime claims related to time spent donning and doffing sanitary and protective gear and Plaintiffs' SCPWA claims to the extent that they were based on Columbia Farms' alleged failure to pay overtime for Plaintiffs' time donning and doffing sanitary and protective gear. A jury trial was held in November 2011, in which the jury delivered a verdict in favor of sixteen of the seventeen Plaintiffs. On December 19, 2011, Columbia Farms filed a Motion for Judgment Notwithstanding the Verdict, or For New Trial [Doc. 164]. For the reasons stated below, the court denies Columbia Farms' Motion.

## STANDARD OF REVIEW

Rule 50(b) of the Federal Rules of Civil Procedure provides that a district court may grant judgment notwithstanding the verdict "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party." *Cline v. Wal-Mart Stores*, 144 F.3d 294, 301 (4th Cir. 1998) (citations omitted). "[T]he evidence and all reasonable inferences from it are

assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir. 1988) (internal citations omitted).

Additionally, a Rule 59(a) motion for new trial is a matter "resting in the sound discretion of the trial judge." *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 869 (4th Cir. 1999). A new trial should be granted "only if (1) the verdict is against the clear weight of the evidence, (2) is based on evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 650 (4th Cir. 2002) (citations omitted). In considering a motion for a new trial, the court "must view the evidence in the light most favorable to the prevailing party." *Perrin v. O'Leary*, 36 F. Supp. 2d 265, 266 (D.S.C. 1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.'" *Id.* (quoting *Bennett Enterprises, Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995).

**DISCUSSION**

Columbia Farms moves for judgment notwithstanding the verdict, or alternatively, a new trial as to Plaintiffs' claims under the South Carolina Payment of Wages Act ("SCPWA"). Columbia Farms argues that it is entitled to judgment notwithstanding the verdict or a new trial for three reasons: (1) Plaintiffs' SCPWA claims were preempted by federal labor law; (2) Plaintiffs failed to exhaust their remedies under the CBA, and (3) the court erred in denying Columbia Farms' requested jury instructions.

**Preemption**

Columbia Farms argues that it is entitled to judgment notwithstanding the verdict or a new trial because Plaintiffs' SCPWA claims were preempted by section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Section 301 may preempt "entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (internal quotation omitted). However, "preemption [under section 301] occurs only when resolution of a state law claim depends upon the meaning of the [CBA]," *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 773 (4th Cir. 1998) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988)), "or when resolution of the state law claim is 'inextricably intertwined with consideration of the terms of the labor contract,'" *id.* (quoting *Allis-Chalmers Corp. Lueck*, 471 U.S. 202, 213(1985)). "When the meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

The court finds that Plaintiffs' claims were not preempted by section 301. The meaning of the terms of the CBA are not the subject of Plaintiffs' claims. "Rest periods of short duration, running from five minutes to about twenty minutes . . . must be counted as hours worked." 29 C.F.R. § 785.18.[3] The CBA addresses unpaid meal periods and unpaid rest periods; however, the CBA does not provide for paid rest periods of twenty minutes or less. To the extent that paid breaks are mentioned in the CBA, it is only to state that Columbia Farms reserved the right to revert to its

---

[3] During the jury trial, testimony indicated that Plaintiffs' allotted breaks consisted of less than twenty minutes' time, notwithstanding time spent donning and doffing.

former practice of allowing paid breaks. There is no indication in the record that Columbia Farms ever reverted to its former practice. The terms of the CBA do not address the method by which Plaintiffs' work hours were to be calculated—according to line time, according to the time in which Plaintiffs were clocked-in, etc. As the CBA does not address any entitlement to paid breaks or the method by which Plaintiffs' work hours were to be calculated, Plaintiffs' right to compensation is not subject to the court's interpretation of the language in the CBA. Mere reference to the CBA to determine rates of pay is not sufficient to render Plaintiffs' claims preempted.

**Exhaustion of Grievance Procedures**

Columbia Farms argues that a right does not have to be explicit in the CBA for the action to be preempted. In support of its argument, Columbia Farms cites to *Alvey v. Ball Corp.*, 162 F. App'x 267 (4th Cir. 2006). *Alvey* involved claims of invasion of privacy and infliction of emotional distress related to the defendant's search of its employees' work lockers. *Id.* at 268–69. In holding that the plaintiffs' claims were preempted by section 301, the Fourth Circuit reasoned that although the collective bargaining agreement at issue did not specifically address locker searches, the rights assumed by the parties in a collective bargaining agreement "extend beyond those expressly stated and include implied rights of reasonable performance and the duty to act in good faith." *Id.* at 270 (citing *Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 937 (4th Cir. 1991). The Fourth Circuit noted that:

> State tort claims are preempted where reference to a collective bargaining agreement is necessary to determine whether a 'duty of care' exists or to define 'the nature and scope of that duty, that is, whether, and to what extent, the employer's duty extended to the particular responsibilities alleged by the employee in his complaint.

*Id.* at 271 (citing *McCormick v. AT&T Tech., Inc.*, 934 F.2d 531, 536 (1991) (internal citations omitted). Unlike the claims at issue in *Alvey*, Plaintiffs' claims do not involve the determination of the existence of a duty of care and do not involve an implied right of reasonable performance.

Columbia Farms argues that the CBA prohibits Columbia Farms from entering into any extra-contractual agreements with any employees; therefore, there is no possibility of Plaintiffs having any agreement with Columbia Farms regarding the terms and conditions of employment other than what is spelled out in the CBA. The CBA provides: "[Columbia Farms] agrees not to enter into any other Agreement or contract with its employees, individually or collectively, which in any way conflicts with the terms and provisions of the Agreement." As previously stated, the CBA does not address any entitlement to paid breaks or the method by which Plaintiffs' work hours were to be calculated, such as according to line time, according to the time in which Plaintiffs were clocked-in, etc. Accordingly, any agreement alleged by Plaintiffs which related to entitlement to paid breaks or calculation of work hours through line time or otherwise would not necessarily conflict with the terms and provisions of the CBA.

Columbia Farms argues that Plaintiffs' claims should have been dismissed because they failed to seek redress through the grievance and arbitration process set out in the CBA. "[W]hile contract-interpretation disputes must be resolved in the bargained-for arbitral realm, [section] 301 does not disable state courts [or federal district courts sitting based on diversity jurisdiction] from interpreting the terms of collective-bargaining agreements in resolving non-pre-empted claims." *Livadas v. Bradshaw*, 512 U.S. 107, 123 n.17 (1994) (internal citations omitted). The CBA provides that if any "grievance, dispute, or complaint, arise[s] over the interpretation of the contents of [the CBA] there shall be an earnest effort on the part of both parties to settle such promptly; provided,

however, that any grievance shall be presented in writing no later than fourteen (14) days after the infraction." The CBA further provides that "[w]hen the parties involved in Step 4 [of the four-step Grievance Procedure] are unable to agree or come to a decision on the case submitted to them, said case shall, on the request of either party, be submitted to an arbitrator for decision." The express language of the CBA indicates that the Grievance Procedure and Arbitration Clause apply to any "grievance, dispute, or complaint [which arises] over the interpretation of the contents of the [CBA]. As previously discussed, the CBA does not address any entitlement to paid breaks or the method by which Plaintiffs' work hours were to be calculated, such as by line time or by hours during which employees were clocked-in. Therefore, a dispute related to paid breaks or the method of calculating Plaintiffs' work hours would not be a dispute over the interpretation of the CBA's contents. The Grievance Procedure and Arbitration Clause do not preclude Plaintiffs' claims. Accordingly, the court finds that Plaintiffs' claims are not preempted by section 301.

**Jury Instructions**

Columbia Farms argues that the court erred in denying its requested jury instructions and submitting to the jury questions already decided by the court at summary judgment. In support of its argument, Columbia Farms asserts that the court determined by summary judgment that Plaintiffs were subject to the CBA, that Plaintiffs were paid by line time, and that Plaintiffs' "meal break claim" was precluded by *Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209, 214 (4th Cir. 2009); therefore, the instruction to the jury to decide whether Plaintiffs were due unpaid wages invited the jury to revisit matters already decided by the court.

In determining the adequacy of jury instructions, the court must look to "whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of

the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Roger Cleveland Golf Co., Inc. v. Prince*, No. 2:09-2119-MBS, 2012 WL 1106775, at *8 (D.S.C. Mar. 30, 2012) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir. 1987)).

Contrary to Columbia Farms' assertions, the court did not hold in its Order [Doc. 88] that Plaintiffs' meal-break claim was precluded by *Sepulveda*. Rather, the court held that Plaintiffs were not entitled to compensation for the time spent on such activities as donning and doffing of protective gear and changing clothes as provided in Section 203(o) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* Consistent with the court's holding, the Jury Instructions [Doc. 149] clearly stated that "[e]mployers may exclude an employee's time spent in changing clothes or washing before or after a work shift from the compensable work time." [Doc. 149, at 7].

Columbia Farms argues that the court erred in denying its oral request during the charge conference to charge the jury that the CBA covered all employees; that the union, United Food & Commercial Workers Local 1996-CLC, had a duty of fair representation whether the employee joined the union or not; and that the union did not have to gain assent of its members to enter into the CBA. In addition, Columbia Farms argues that the court erred in not charging the jury with following instructions submitted by Columbia Farms:

Request to Charge No. 1:

The Plaintiffs contend that Columbia Farms has violated the South Carolina Payment for Wages Act and that they are entitled to unpaid wages as a result of such violation. Columbia Farms submits that it did comply with the requirements of this Act. I charge you that The South Carolina Payment for Wages Act requires that employers pay their employees as follows:

9

> Every employer in the State shall pay all wages due in lawful United States money or by negotiable warrant or check bearing even date with the payday.
>
> An employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions.
>
> When an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation of the next regular payday which may not exceed thirty days.

If you find that Columbia Farms has complied with the requirements of this Act, then you must enter judgment in favor of Columbia Farms on this claim under this statute. If you determine by a preponderance of the evidence that Columbia Farms has violated this Act, then you must then determine whether it is violated as to each Plaintiff and the amount of unpaid wages due each Plaintiff, if any.

Request to Charge No. 2:

I charge you that pursuant to its Collective Bargaining Agreement with the United Food and Commercial Workers Union, Local No. 1996, which is the exclusive representative of the production workers at Columbia Farms, Columbia Farms pays its employees based on what is termed "line time". It is an industry practice that has been utilized at Columbia Farms for payment of its production workers as long-standing custom and practice.

I charge you that in determining whether wages are due the plaintiffs, or any of them, under the S.C. Wage Payment Act, as I have charged you, you must do so utilizing "line time" computations.

Request to Charge No. 3:

I charge you that the South Carolina Payment of Wages Act does not create an independent right to wages. Instead, the Act creates a right to be paid wages based upon an employment contract. The contract is the source for the wages that are required to be paid, not the Payment of Wages Act.

I charge you that in determining whether wages are due the plaintiffs, or any of them, under the S.C. Wage Payment Act, as I have charged you, you must first find that

there was an agreement between the employer and the employee to pay such wages. In this case, the Collective Bargaining Agreement between the defendant and the union for the plaintiffs is the exclusive employment agreement. You must first base the entitlement to any wage on this Agreement, and then and only then may you consider whether the wage you find based on this Agreement was not paid to any of the plaintiffs, in order to find a violation of the Payment of Wages Act.

Regarding Columbia Farms' Request to Charge No. 1 and Request to Charge No. 3, while the court declined to include Columbia Farms' requested charges verbatim, the court charged the jury that:

> The purpose of the South Carolina Payment of Wages Act (the "Act") is to protect employees from the unjustified and willful retention of wages by the employer. The Act, set forth in the South Carolina Code, provides in Section 41-10-30 that:
>
>> Every employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made from the wages, including payments to insurance programs. The employer has the option of giving written notification by posting the terms conspicuously at or near the place of work. Any changes in these terms must be made in writing at least seven calendar days before they become effective. This section does not apply to wage increases.
>
> "Wages" is defined by subsection Section 41-10-10(2) as:
>
>> [A]ll amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract.
>
> Section 41-10-50 reads: "When an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days."
>
> Section 41-10-80(C) provides a remedy to the employee when the employer fails to pay wages due. It states in pertinent part that "[i]n case of any failure to pay wages due to an employee as required [by law,] the employee may recover in a civil action . . . the full amount of the unpaid wages . . . ."

>The South Carolina Payment of Wages Act creates a right to be paid wages due, only based upon an employment agreement.

[Doc 149]. The court finds that the court's charge to the jury was sufficient to adequately inform the jury of the controlling legal principles and substantially incorporated Columbia Farms' requested charges while minimizing the risk of confusing the jury or prejudicing the parties.

Columbia Farms is correct in its assertion that the court held in its Order [88] that Plaintiffs were subject to the CBA and that Columbia Farms has paid its employees based on line time for many years. However, whether Columbia Farms had a practice of paying its employees based on line time was not an issue of dispute at trial. Rather, the issue to be determined was whether Columbia Farms paid Plaintiffs all wages which they were due, an issue which was not determined in the court's Order [Doc. 88]. Furthermore, the court's Order [Doc. 88] did not make any determinations as to whether line time was the appropriate method for computing Plaintiffs' wages due. Thus, the court appropriately declined to charge the jury according to Columbia Farms' Request to Charge No. 2.

Columbia Farms argues that the court erred in denying its oral request that the court charge the jury that the CBA covered all employees; that the union, United Food & Commercial Workers Local 1996-CLC, had a duty of fair representation whether the employee joined the union or not; and that the union did not have to gain assent of its members to enter into the CBA. However, as the court indicated during the charge conference, whether the union fairly represented Plaintiffs or had to gain assent of its members to enter into the CBA were not at issue based on Plaintiffs' claims against Columbia Farms. Furthermore, the purpose of a court's charge to the jury is to inform the jury of the controlling legal principles, *see Spell*, 824 F.2d at 1395, and the court found it

inappropriate to comment on the facts of the case within its charge to the jury.  To charge the jury as Columbia Farms requested would risk potential confusion as to the issues before the jury.

## CONCLUSION

The court finds that Columbia Farms has failed to establish that no legally sufficient evidentiary basis existed for a reasonable jury to find for Plaintiffs.  Furthermore, the court finds that Columbia Farms has not demonstrated that the jury's verdict was contrary to the clear weight of the evidence, was based on evidence which is false, or results in a miscarriage of justice.  For the foregoing reasons, Columbia Farms' Motion for Judgment Notwithstanding the Verdict, or for New Trial is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 10, 2012
Greenville, South Carolina