**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Natasha Atkinson, Shirley Baisey, Calvin Barton, Quashonda Chapman, Shamika Cureton, Anna Edens, Billy Harris, LaToya Jamison, Lisa Jamison, Stacey Johnson, Terrance Johnson, Antonio Miller, Constance Neal, Kelly Pardue, Sherry Peralta, Pamela Vaughn and Pauline Warren, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No.: 6:09-cv-01901-JMC |
| v. ) ) ) | |
| ) | **ORDER AND OPINION** |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, ) ) | |
| Defendant. ) _____ ) ) | |
| Samantha Earle and Shiren Johnson, ) ) | |
| Plaintiffs, ) | Civil Action No.: 6:09-cv-03137-JMC |
| v. ) ) ) | |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, ) ) | |
| Defendant. ) _____ ) | |

This matter[1] is before the court upon Plaintiffs' Motion for Treble Damages [Doc. 159], requesting an award of treble damages and prejudgment interest.

---

[1] Civil Action No.: 6:09-cv-01901-JMC and 6:09-cv-03137-JMC were consolidated by order of the court.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant House of Raeford, Inc. d/b/a Columbia Farms ("Columbia Farms") operates a chicken processing plant located in Greenville, South Carolina. Plaintiffs are a group of current and former employees of Columbia Farms' Greenville plant who worked on a production line, cutting and de-boning chickens. At the time of Plaintiffs' employment with Columbia Farms, the Columbia Farms' Greenville plant was covered by a collective bargaining agreement ("CBA"). The CBA applied to all production and maintenance employees at the Greenville plant, whether they were union members or not.

Plaintiffs brought a collective action against Columbia Farms under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et. seq.*, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-30 and 40, for Columbia Farms' failure to pay compensation which Plaintiffs alleged they were due.[2] Each Plaintiff alleged that he or she was required to work more than nine hours each work day, but was only paid for eight hours because employees were routinely not paid for lunch breaks that were only several minutes long and were not paid while donning and doffing required protective gear. Specifically, Plaintiffs alleged that Columbia Farms' management: (a) failed to keep accurate records of Plaintiffs' work time; (b) failed to properly notify Plaintiffs in writing of their hours worked; (c) failed to provide Plaintiffs with itemized payroll statements; (d) required Plaintiffs to spend in excess of fifteen minutes each day donning and doffing protective gear

---

[2] Certain individual Plaintiffs also alleged that Columbia Farms committed retaliatory acts against them in response to those Plaintiffs' assertions of workers' compensation claims. Plaintiffs' workers' compensation retaliation claims were tried before the court during a bench trial held in November 2011. Plaintiffs' Motion for Treble Damages does not seek treble damages in relation to Plaintiffs' workers' compensation retaliation claims. Additionally, one Plaintiff asserted a cause of action for invasion of privacy. The court granted summary judgment in favor of Columbia Farms on the invasion of privacy claim. [Doc. 88].

and preparing for work before clocking in; (e) deducted from Plaintiffs' wages thirty minute meal breaks when such breaks were actually less than twenty minutes in length; (f) regularly failed to pay Plaintiffs for non-meal breaks that were less than twenty minutes in length; (g) failed to pay Plaintiffs overtime when Plaintiffs worked more than forty hours per week; (h) and failed to pay Plaintiffs their wages due on the day of their termination.

Columbia Farms filed a Motion for Summary Judgment [Doc. 55] as to each of the causes of action asserted in Plaintiffs' Amended Complaint [Doc. 27]. The court granted summary judgment in favor of Columbia Farms as to Plaintiffs' FLSA wage and overtime claims related to time spent donning and doffing sanitary and protective gear and Plaintiffs' SCPWA claims to the extent that they were based on Columbia Farms' alleged failure to pay overtime for Plaintiffs' time donning and doffing sanitary and protective gear. A jury trial was held in November 2011, in which the jury delivered a verdict in favor of sixteen of the seventeen Plaintiffs and an award of damages totaling $16, 583.00.

## DISCUSSION

Plaintiffs seek treble damages under the SCPWA. Section 41-10-80(c) provides in pertinent part:

> In case of any failure to pay wages due to an employee as required by Section 41-10-40 or 41-10-50, the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow.

*Id.* This provision is not mandatory. *Rice v. Multimedia, Inc.*, 318 S.C. 95, 99, 456 S.E.2d 381, 384 (1995). In using "may" rather than "shall," the South Carolina Legislature has provided that discretion in allowing treble damages or attorney's fees rests with the judge. *Id.* at 98, 456 S.E.2d

3

at 383. "[A] finding that an employee is entitled to recover unpaid wages is not equivalent to a finding that there existed no bona fide dispute as to the employee's entitlement to those wages." *O'Neal v. Intermedical Hosp. of S.C.*, 355 S.C. 499, 509, 585 S.E.2d 526, 531–32 (Ct. App. 2003). An employee is not entitled to treble damages or attorney's fees under the SCPWA where a bona fide dispute existed as to the wages allegedly due. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 518 S.E.2d 591 (1999). "[T]he relevant date for determining whether the employer reasonably withheld wages is the time at which the wages were withheld, i.e., when the employer allegedly violated the Act." *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 316, 698 S.E.2d 773, 782 (2010). Thus, the court looks to whether, at the time the employer withheld the wages, it had a good faith reason for doing so. *Id.*

Columbia Farms argues that Plaintiffs are not entitled to treble damages because a good faith dispute existed as to whether Plaintiffs were entitled to unpaid wages. Columbia Farms asserts that the courts' grant of summary judgment in Columbia Farms' favor as to Plaintiffs' FLSA claims demonstrates that a bona fide dispute existed regarding the wages due to Plaintiffs. However, Plaintiffs' claims for wages under the FLSA are distinct from Plaintiffs' claims for wages due under the SCPWA. The question before the court is whether a bona fide dispute existed as to Plaintiffs' claims for unpaid wages under the SCPWA, not whether a bona fide dispute existed as to Plaintiffs' claims for unpaid wages under the FLSA.

Columbia Farms argues that the court held that the CBA provided for payment of wages based on line time rather than "punch to punch," and that the court's holding supports Columbia Farms' argument that a bona fide dispute existed as to Plaintiffs' unpaid wages. Although the court stated in its Order [Doc. 88] addressing Columbia Farms' Motion for Summary Judgment [Doc. 55]

that Plaintiffs were subject to the CBA and that Columbia Farms paid its employees based on line time for many years, the court did not make any determination as to whether the CBA provided for wages based on line time or punch to punch or whether payment based on line time was justified.

Columbia Farms also argues that the jury did not award Plaintiffs the full amount of damages that Plaintiffs sought; therefore, the jury felt there was a bona fide dispute between the parties as to how wages were to be calculated. Columbia Farms has not provided the court with any support for its assertion that the jury did not award Plaintiffs the full amount of damages sought. Plaintiffs' Amended Complaint [Doc. 27] does not specify a specific amount of damages sought by Plaintiffs in relation to their SCPWA claim. Even assuming that the jury did not award Plaintiffs the full amount of wages sought, the amount of the jury's award of damages to Plaintiffs does not support Columbia Farms' argument that there was a bona fide dispute as to the wages that the jury did find were owed to Plaintiffs.

The court finds that no bona fide dispute existed regarding the wages due to Plaintiffs. Columbia Farms had a practice of paying its employees according to line time; however, neither the CBA nor the terms of employment provided to Plaintiffs indicated that employees were to be paid according to line time. At trial, Plaintiffs presented evidence that Columbia Farms led them to believe that they would be paid based on the amount of hours that they were clocked-in at work. *See Rice v. Multimedia, Inc.*, 318 S.C. 95, 99, 456 S.E.2d 381, 384 (1995) (affirming a refusal to award treble damages where the trial court found "no evidence that [the defendant] acted intentionally or in bad faith"). Furthermore, [r]est periods of short duration, running from five minutes to about twenty minutes . . . must be counted as hours worked." 29 C.F.R. § 785.18. Plaintiffs presented evidence that they were not paid for their breaks which consisted of less than twenty minutes' time,

notwithstanding time spent donning and doffing. Accordingly, to the extent that the jury found that Columbia Farms did not pay all wages due to Plaintiffs, the court finds that no bona fide dispute existed as to the payment of those wages.

## CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Plaintiffs' Motion for Treble Damages [Doc. 159] and awards prejudgment interest, pursuant to section 34-31-20(A) of the South Carolina Code of Laws, at a rate of eight and three-fourths percent per annum from the date of each Plaintiff's termination from employment to the date of this order. Judgment shall be entered in favor of Plaintiff Natasha Atkinson in the amount of $5,946.00 plus prejudgment interest accumulated from July 2, 2009 to the date of this order; in favor of Plaintiff Shirley Baisey in the amount of $3,525.00 plus prejudgment interest accumulated from March 20, 2009 to the date of this order; in favor of Plaintiff Calvin Barton in the amount of $6,807.00 plus prejudgment interest accumulated from October 10, 2009 to the date of this order; in favor of Plaintiff Quashonda Chapman in the amount of $4,251.00 plus prejudgment interest accumulated from July 29, 2009 to the date of this order; in favor of Plaintiff Shamika Cureton in the amount of $7,314.00 plus prejudgment interest accumulated from September 1, 2009 to the date of this order; in favor of Plaintiff Anna Edens in the amount of $3,132.00 plus prejudgment interest accumulated from April 5, 2009 to the date of this order; in favor of Plaintiff Latoya Jamison in the amount of $351.00 plus prejudgment interest accumulated from June 3, 2009 to the date of this order; in favor of Plaintiff Lisa Jamison in the amount of $1,320.00 plus prejudgment interest accumulated from June 3, 2009 to the date of this order; in favor of Plaintiff Shiren Johnson in the amount of $465.00 plus prejudgment interest accumulated from June 23, 2009 to the date of this order; in favor of Plaintiff Terrance Johnson in

the amount of $159.00 plus prejudgment interest accumulated from June 17, 2009 to the date of this order; in favor of Plaintiff Antonio Miller in the amount of $498.00 plus prejudgment interest accumulated from June 23, 2009 to the date of this order; in favor of Plaintiff Constance Neal in the amount of $999.00 plus prejudgment interest accumulated from July 22, 2009 to the date of this order; in favor of Plaintiff Kelly Pardue in the amount of $3,729.00 plus prejudgment interest accumulated from July 1, 2009 to the date of this order; in favor of Plaintiff Sherry Peralta in the amount of $4,938 plus prejudgment interest accumulated from June 17, 2009 to the date of this order; in favor of Plaintiff Pamela Vaughn in the amount of $4,533.00 plus prejudgment interest accumulated from March 27, 2009 to the date of this order; and in favor of Plaintiff Pauline Warren in the amount of $1,782.00 plus prejudgment interest accumulated from May 20, 2009 to the date of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 12, 2012
Greenville, South Carolina