**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Natasha Atkinson, Shirley Baisey, Calvin Barton, Quashonda Chapman, Shamika Cureton, Anna Edens, Billy Harris, LaToya Jamison, Lisa Jamison, Stacey Johnson, Terrance Johnson, Antonio Miller, Constance Neal, Kelly Pardue, Sherry Peralta, Pamela Vaughn and Pauline Warren, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No.: 6:09-cv-01901-JMC |
| ) v. ) ) ) | **ORDER AND OPINION** |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, ) ) Defendant. ) _____ ) ) | |
| Samantha Earle and Shiren Johnson, ) ) | |
| Plaintiffs, ) | Civil Action No.: 6:09-cv-03137-JMC |
| ) v. ) ) | |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, ) ) Defendant. ) _____ ) | |

1

This matter[1] is before the court upon Plaintiffs' Verified Motion for Attorney Fees, Costs, and Interest [Doc. 160] seeking $243,989.25 in attorney and paralegal fees and $4,650.55 in litigation costs.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant House of Raeford, Inc. d/b/a Columbia Farms ("Columbia Farms") operates a chicken processing plant located in Greenville, South Carolina. Plaintiffs are a group of current and former employees of Columbia Farms' Greenville plant who worked on a production line, cutting and de-boning chickens. At the time of Plaintiffs' employment with Columbia Farms, the Columbia Farms' Greenville plant was covered by a collective bargaining agreement ("CBA"). The CBA applied to all production and maintenance employees at the Greenville plant, whether they were union members or not.

Plaintiffs brought a collective action against Columbia Farms under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et. seq.*, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-30 and 40, for Columbia Farms' failure to pay compensation which Plaintiffs alleged they were due.[2] Each Plaintiff alleged that he or she was required to work more than nine hours each work day, but was only paid for eight hours because employees were routinely

---

[1] Civil Action No.: 6:09-cv-01901-JMC and 6:09-cv-03137-JMC were consolidated by order of the court.

[2] Certain individual Plaintiffs also alleged that Columbia Farms committed retaliatory acts against them in response to those Plaintiffs' assertions of workers' compensation claims. Plaintiffs' workers' compensation retaliation claims were tried before the court during a bench trial held in November 2011. Additionally, one Plaintiff asserted a cause of action for invasion of privacy. The court granted summary judgment in favor of Columbia Farms on the invasion of privacy claim. [Doc. 88]. Plaintiffs' Verified Motion for Attorney Fees, Costs, and Interest does not seek attorneys' fees and costs associated with Plaintiffs' workers' compensation retaliation claims or the claim for invasion of privacy.

not paid for lunch breaks that were only several minutes long and were not paid while donning and doffing required protective gear. Specifically, Plaintiffs alleged that Columbia Farms' management: (a) failed to keep accurate records of Plaintiffs' work time; (b) failed to properly notify Plaintiffs in writing of their hours worked; (c) failed to provide Plaintiffs with itemized payroll statements; (d) required Plaintiffs to spend in excess of fifteen minutes each day donning and doffing protective gear and preparing for work before clocking in; (e) deducted from Plaintiffs' wages thirty minute meal breaks when such breaks were actually less than twenty minutes in length; (f) regularly failed to pay Plaintiffs for non-meal breaks that were less than twenty minutes in length; (g) failed to pay Plaintiffs overtime when Plaintiffs worked more than forty hours per week; (h) and failed to pay Plaintiffs their wages due on the day of their termination.

Columbia Farms filed a Motion for Summary Judgment [Doc. 55] as to each of the causes of action asserted in Plaintiffs' Amended Complaint [Doc. 27]. The court granted summary judgment in favor of Columbia Farms as to Plaintiffs' FLSA wage and overtime claims related to time spent donning and doffing sanitary and protective gear and Plaintiffs' SCPWA claims to the extent that they were based on Columbia Farms' alleged failure to pay overtime for Plaintiffs' time donning and doffing sanitary and protective gear. A jury trial was held in November 2011, in which the jury delivered a verdict in favor of sixteen of the seventeen Plaintiffs and an award of damages totaling $16,583.00. Subsequently, Plaintiffs filed Plaintiffs' Motion for Treble Damages [Doc. 159], requesting an award of treble damages and prejudgment interest. The court granted Plaintiffs' Motion for Treble Damages and amended the judgment to award treble damages totaling $49,749.00 and prejudgment interest as to the sixteen prevailing plaintiffs.

## DISCUSSION

Plaintiffs seek attorneys' fees and costs under the SCPWA. Section 41-10-80(c) of the South Carolina Code of Laws provides in pertinent part:

> In case of any failure to pay wages due to an employee as required by Section 41-10-40 or 41-10-50, the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow.

*Id.* This provision is not mandatory. *Rice v. Multimedia, Inc.*, 318 S.C. 95, 99, 456 S.E.2d 381, 384 (1995). In using "may" rather than "shall," the South Carolina Legislature has provided that discretion in allowing treble damages or attorney's fees rests with the judge. *Id.* at 98, 456 S.E.2d at 383. An employee is not entitled to treble damages or attorney's fees under the SCPWA where a bona fide dispute existed as to the wages allegedly due. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 518 S.E.2d 591 (1999). In its Order [Doc. 172], the court held that to the extent that the jury found that Columbia Farms did not pay all wages due to Plaintiffs, no bona fide dispute existed as to the payment of those wages. Accordingly, an award of attorneys' fees in favor of Plaintiffs is appropriate.

Upon finding that an award of attorneys' fees is appropriate, the court is charged with determining the reasonable amount of fees to award to the petitioning party. *See In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir. 2010). The court's determination of the reasonableness of a fee award begins with the court's calculation of the lodestar figure. *See Robinson v. Equifax Information Srvs.*, LLC, 560 F.3d 235, 243 (4th Cir. 2009). The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id.* The Fourth Circuit has adopted a 12-factor test for making a lodestar determination. These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson*, 560 F.3d at 243 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The court may find that some of the factors are inapplicable; as such, these factors need not be strictly applied. *See E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990).

Plaintiffs' counsel contend that they expended approximately 891.09 hours of labor in relation to prosecuting Plaintiffs' SCPWA claims. This includes 727.45 hours of attorney labor at a rate of $300.00 per hour, 107.85 hours of attorney labor at a rate of $200.00 per hour, and 55.79 hours of paralegal labor at a rate of $75.00 per hour. In addition, Plaintiffs' seek $4,650.55 in litigation costs. Plaintiffs' counsel have submitted to the court their itemized fees and costs, which Plaintiffs' counsel assert have been reduced to reflect only the fees and costs associated with Plaintiffs' SCPWA claim.

The court notes that this case involved multiple plaintiffs and over two and one-half years of litigation resulting in approximately five days of trial before a jury and numerous post-trial motions. In expending time in relation to pursuing Plaintiffs' claims, Plaintiffs' counsel were precluded from devoting such time to work for other existing clients or potential clients. While the litigation of SCPWA claims did not generally present novel issues that would be unfamiliar to attorneys seasoned in the practice of this area of law, a notable amount of counsels' argument before

5

the court related to the issue of preemption of Plaintiffs' claims, an issue highly contested between the parties.

Columbia Farms does not dispute the experience, reputation, or ability of Plaintiffs' counsel or that Plaintiffs' counsel has the skill required to perform the legal service necessary for prosecuting Plaintiff's SCPWA claims. Furthermore, Columbia Farms does not dispute that Plaintiffs' counsel's hourly rates reflect customary charges for such services. Rather, Columbia Farms argues that the requested fees do not accurately represent time spent in relation to Plaintiffs' SCPWA claims.

It appears to the court that Plaintiffs' counsel reduced hours billed to reflect time spent only in relation to Plaintiffs' SCPWA claims. However, a careful review of Plaintiffs' counsel's time records indicates some duplication of efforts by counsel, as over $7,000.00 of the fees requested relate to communication between co-counsel by way of emails, telephone calls, and conferences. In addition, it appears that Plaintiffs' counsel dedicated over $35,000.00 in fees to Plaintiffs' Motion for Partial Summary Judgment as to their South Carolina Payment of Wages Act Claim ("Plaintiffs' Motion for Partial Summary Judgment") [Doc. 54], on which Plaintiffs did not prevail.

Based on the court's evaluation above, the court determines that the factors weigh in favor of reducing the court's award of attorneys' fees requested by $21,000.00 to reflect an approximate fifty percent reduction in the requested fees associated with communication between co-counsel and Plaintiffs' Motion for Partial Summary Judgment.

## CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Plaintiffs' Verified Motion for Attorney Fees, Costs, and Interest [Doc. 160] as follows. The court awards attorney and paralegal fees in the amount of $222,989.25. Furthermore, the court awards litigation costs in the amount of $4,650.55.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 18, 2012
Greenville, South Carolina